# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

Rachel S. Rubenstein
ASSOCIATE

EMAIL: rrubenstein@lcbf.com

ONE GATEWAY CENTER
22ND FLOOR
NEWARK, NJ 07102
TELEPHONE (973) 623-2700
FACSIMILE (973) 623-4496
www.lcbf.com

120 Broadway
13th Floor
New York, New York 10271
Tel: (212) 238-4800

One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
Tel: (215) 561-8540

November 19, 2024

*Via ECF*

Honorable Jamel K. Semper, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: Nicole Little, et al. v. West Orange School District, et al.
     Case No. 2:23-cv-00402-JKS-CLW

Dear Judge Semper:

  This office represents Defendants West Orange School District and Ana Marti ("Defendants") in the above-referenced matter, which Your Honor dismissed without prejudice on August 19, 2024. Your Honor provided Plaintiffs with thirty days from that date to amend their complaint—or until September 18, 2024—and then ordered Plaintiffs to show cause why the matter should not be dismissed with prejudice by October 30, 2024. Your Honor should move forward with dismissal with prejudice at this time.

  First, the Court should dismiss Plaintiffs Elliston Little and M.L.'s claims with prejudice because they did not show cause or otherwise respond to the Court's October 24, 2024 Order. M.L., who is represented by counsel, did not respond at all. Even if Mrs. Little purported to respond to the Court's October 24, 2024 Order on Elliston Little and M.L.'s behalf, she cannot do so; Mrs. Little is *pro se* and cannot represent other parties.[1] Because neither Elliston Little nor M.L. responded at all to the Court's order to show cause, the Court should dismiss their claims with prejudice.

  Second, Plaintiff Nicole Little has not established good cause for failing to adhere to the Court's order and deadline. Though presumably not an attorney admitted in the United States District Court for

---

[1] *Pro se* parties cannot represent third parties—even their children—in federal court. See 28 U.S.C. § 1654. Specifically, pursuant to § 1654, "parties may plead and conduct their own cases or by counsel as . . . are permitted to manage and conduct causes therein." Mrs. Little cannot prosecute this claim on her child's behalf. See e.g., Lazaridis v. Wehmer, 591 F.3d 666, 671 (3d Cir. 2010) (holding that a parent cannot represent their child in federal court as a non-lawyer parent); Ossei-Afriyie v. Medical College of Pennsylvania, 973 F.2d 876, 878 (3d Cir. 1991) (same).

the District of New Jersey, she is a licensed attorney and has the professional experience to know to request additional time to file an amended complaint at any time between the purported August 23, 2024 car accident and the September 18, 2024 deadline. She was also fully capable of writing a letter to the Court requesting such an extension between September 18, 2024 and October 24, 2024. Instead, she waited until after Defendants sought a with-prejudice dismissal to inform this Court that she is just now able to "continue prosecuting this case" because she is in a "better economic position" to do so. Notably, there is no cost associated with submitting a letter request for an extension of time.

Further, Plaintiff's response to the Court's order to show cause is insufficient. Not only did she fail to establish good cause for failing to adhere to a Court deadline or for failing to seek an extension of time of such deadline, but her submission lacks any sworn statement substantiating the claims therein.

Finally, the Court should not provide Plaintiffs with yet another bite at the apple. They have had three opportunities to file a complaint with colorable claims (their first complaint, their first amended complaint, and the opportunity they squandered when they failed to file by September 18, 2024) and have had ample opportunity to explain why their claims should not be dismissed. The Court should dismiss their claims with prejudice.

Respectfully submitted,

*s/Rachel S. Rubenstein*

Rachel S. Rubenstein

cc:   Janelle N. Winters, Esq.
      Nicole Little (via regular mail)
      Elliston Little (via regular mail)
      Shannon Theodore, Esq. (via ECF)